DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kevin Harris, pro se, appeals the judgment of the Erie County Court of Common Pleas denying his second motion to withdraw his guilty plea. For the following reasons, we affirm.
 {¶ 2} Appellant was convicted, upon the acceptance of his guilty plea, of two counts of attempted complicity to commit trafficking in cocaine, violations of R.C. *Page 2 2923.03(A)(2), R.C. 2923.02(A), 2925.03(A) and (C)(4)(d) and felonies of the third degree. Pursuant to a negotiated plea agreement, eight other charges in the indictment, all felonies ranging from first degree to fifth degree felonies, were dismissed.
 {¶ 3} The written plea agreement executed by appellant also contained a jointly-recommended sentence of five years incarceration. The plea agreement also stated that appellant was aware that the maximum penalty for the offenses could be ten years incarceration and $20,000 in fines, and provided for forfeiture of appellant's property seized at the time of his arrest. Upon acceptance of appellant's plea, the trial court sentenced appellant to five years incarceration, the same as the jointly-recommended sentence.
 {¶ 4} In 2003, appellant filed a motion to withdraw his guilty plea. It was denied in July 2004. Appellant filed a second motion to withdraw his guilty plea in November 2005. The trial court denied the motion by judgment entry in January 2006, finding no manifest injustice. From that judgment, appellant filed this timely appeal.
 {¶ 5} Appellant raises seven assignments of error for review. First, citing State ex rel. Chavis v. Griffin (2001), 91 Ohio St.3d 50, he argues that Judge Tygh Tone should not have ruled on his motion to withdraw his plea, because his case was previously assigned to Judge Richard M. Markus. This matter was originally assigned to Judge Maschari, who accepted appellant's guilty pleas and imposed sentence. When appellant filed his first motion to withdraw his plea in 2003, he also filed two motions requesting her recusal from hearing the motion and an affidavit of disqualification with the Ohio *Page 3 
Supreme Court. Judge Maschari then voluntarily recused herself, and the Ohio Supreme Court appointed Judge Markus. After proceedings on the first motion were completed, Judge Tone took office and was presiding when appellant filed the instant motion. Only after Judge Tone denied the motion and appellant had filed his notice of appeal did he file an affidavit to disqualify Judge Tone.
 {¶ 6} Chavis, cited by appellant, was an action in mandamus, filed by a criminal defendant to compel a judge to issue findings of fact and conclusions of law on his motion to withdraw his guilty plea.91 Ohio St.3d at 51. The Ohio Supreme Court, in affirming the denial of the writ, held only that a judge has no duty to issue rulings in a case to which he is not assigned. Id. It is inapplicable to the issue.
 {¶ 7} Appellee cites State v. Pecina (1992), 76 Ohio App.3d 775, for two propositions: First, an appellate court can take judicial notice of the acting judges at the Erie County Court of Common Pleas to find that Judge Tone, not Judge Markus, was properly responsible for ruling on the motion. Id. at 777. Second, appellant waived his right to challenge Judge Tone's authority to rule on the motion by failing to properly object prior to his decision. Id. at 778. Both propositions apply here, and both are dispositive. Appellant did not object to Judge Tone's authority until after the motion was denied. Further, the certificate of assignment for Judge Markus to this case was to "conclude any proceedings in which he participated." Judge Markus' authority ended, therefore, after he ruled upon appellant's first motion, and Judge Tone had authority to rule on the motion. Appellant's first assignment of error is therefore not well-taken. *Page 4 
 {¶ 8} Next, appellant's second, fourth, and sixth assignments of error all relate to the denial of the instant motion to withdraw his guilty plea. Crim.R. 32.1 relevantly provides:
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} While Crim.R. 32.1 motions should be granted liberally before sentencing, State v. Xie (1992), 62 Ohio St.3d 521, 527, after sentencing, such motions are not liberally granted because "that would allow defendants to withdraw their pleas when unfavorable sentences are received." State v. Mushrush (1999), 135 Ohio App.3d 99, 107. A defendant has the burden to demonstrate that correction of a manifest injustice is required. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Such motions are addressed to the sound discretion of the trial court. Id., paragraph two of the syllabus.
 {¶ 11} Appellate courts therefore review the trial court's decision for an abuse of discretion. "The meaning of the term `abuse of discretion' * * * connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." State v. Longo (1982), 4 Ohio App.3d 136, 141, quoting State v. Amison (1965), 2 Ohio App.2d 390, 393. *Page 5 
 {¶ 12} A plea of guilty is a complete admission of all the elements in a charge, and it waives all appealable errors "unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and Boykin v.Alabama (1969), 395 U.S. 238, 243." State v. Kelley (1991)57 Ohio St.3d 127, paragraph two of the syllabus; State v. Moldonado, 6th Dist. No. L-03-1166, 2004-Ohio-3001, ¶ 6.
 {¶ 13} A delay between sentencing and the filing of a motion to withdraw a guilty plea, while not dispositive, contributes to the motion's merits. "Although [Crim.R. 32.1] does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v.Smith (1977), 49 Ohio St.2d 261, 264. See, also, State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14. Appellant filed the instant motion over four years after sentence was imposed. Such a delay is "undue" and factors against granting the motion.
 {¶ 14} In his second assignment of error, appellant argues that the trial court applied the standard governing pre-sentence motions to withdraw a guilty plea to his post-sentence motion. Appellant has demonstrated a grasp of the case law and rules governing these standards; he concludes, however, that the trial court's application of an incorrect standard to his motion warrants automatic relief. For this conclusion, he cites no rule of law. *Page 6 
 {¶ 15} The trial court did apply State v. Xie (1992),62 Ohio St.3d 521, and State v. Fish (1995), 104 Ohio App.3d 236, to appellant's motion. Appellant is correct in that these cases articulate the standard governing pre-sentence motions to withdraw a guilty plea. Because pre-sentence motions should be "liberally granted," and do not require a defendant to demonstrate a "manifest injustice" as in post-sentence motions, the bar is lower. State v. Bogan, 8th Dist. No. 87259,2006-Ohio-3842, ¶ 3. In effect, appellant argues that the trial court's failure to apply a higher bar to his motion warrants granting the motion. This assignment of error is not well-taken.
 {¶ 16} In his fourth assignment of error, appellant argues that the trial court should have found his plea was unknowing and involuntary because he was told his sentence for a community control violation in another case would be imposed concurrently to the sentence imposed for the instant violations. In that prior case, 97-CR-280, he was convicted of a fifth degree felony and a term of six months incarceration and five years community control was imposed. The instant charges constituted a violated of the community control.
 {¶ 17} Because he served six months on the prior conviction, appellant argues, the one year term imposed for the community control violation was contrary to law and, as such, could not have been used in negotiating the agreed-upon sentence in the instant matter. Essentially, appellant challenges the legality of the imposition of a prison term for the community control violation. The issue, however, cannot be reviewed in this appeal because the record from case 97-CR-280 is not before us and this motion was not *Page 7 
filed in that case. Moreover, the judgment of conviction in this matter did impose the sentences to run concurrently with any sentence imposed in case 97-CR-280, as appellant wished. Appellant's fourth assigned error is not well-taken.
 {¶ 18} In his sixth assignment of error, appellant argues that his plea was unknowing and involuntary because the judgment entry of conviction did not set forth the amount of cocaine involved in his offenses. The charges to which appellant pled were felonies of the first and second degrees, based on the amount of cocaine and specifications of trafficking with the presence of a juvenile. The negotiated plea amended those charges to attempt crimes pursuant to R.C. 2923.02(E), as the penalties for the charges were determined by the amount of cocaine involved; the amended plea also eliminated the juvenile specification on the first degree felony. Thus, the charges were both reduced to third-degree felonies, and this is correctly reflected in the judgment of conviction. Further, since appellant entered a guilty plea, the trial court was not required to set forth the amount of cocaine involved in the judgment of conviction because R.C. 2925.03(E) only requires a determination of the amount of cocaine involved if the matter is tried before a jury or a court as the finder of fact. Appellant's sixth assignment of error is not well-taken.
 {¶ 19} Appellant argues in his third assignment of error that he should be allowed to withdraw his plea because he was not told that his admission of guilt could be used in a subsequent federal prosecution against him. *Page 8 
 {¶ 20} To be valid, a guilty plea must be made voluntarily and intelligently. Boykin v. Alabama (1969), 395 U.S. 238, 242. The plea must be made with knowledge of the "relevant circumstances and likely consequences." Brady v. United States (1970), 397 U.S. 742, 748. "The defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea."King v. Dutton (C.A.6, 1994), 17 F.3d 151, 153, citing Brown v.Perini (C.A.6, 1983), 718 F.2d 784, 788-89. A direct consequence is an "immediate and automatic" consequence. U.S. v. Jordan (C.A.7, 1989),870 F.2d 1310, 1317, certiorari denied by 493 U.S. 831.
 {¶ 21} Because federal prosecutions do not automatically follow a state court conviction and depend on federal agency decisions, a state official's failure to inform a defendant of the possibility that a plea may be used in a subsequent federal prosecution does not render the plea in state court involuntary. Id.; U.S. v. Bouthot (C.A.1, 1989),878 F.2d 1506. Appellant's third assignment of error is not well-taken.
 {¶ 22} In his fifth assignment of error, appellant argues that he should be allowed to withdraw his plea because he did not receive notice at his original sentencing hearing that a prison term could be imposed for a violation of community control. This argument refers to the violation of community control in case 97-CR-280, which is not before us. Appellee cites State v. Perry (1967), 10 Ohio St.2d 175, for its proposition that appellant's failure to file a direct appeal in case 97-CR-280 bars the issue by res judicata. Perry held that issues which could have been raised on direct appeal are barred in *Page 9 
postconviction petitions. A motion to withdraw a guilty plea is not governed by postconviction petitions standards. State v. Bush, supra, syllabus. Appellant is correct in that a defendant must be notified at the time of sentencing "of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation." State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, syllabus. Again, the instant motion to withdraw his plea was not filed in case 97-CR-280; therefore, we cannot review whether appellant was so notified. We also again note that the instant judgment of conviction ordered any prison term imposed in that case to run concurrently. Appellant's fifth assignment of error is not well-taken.
 {¶ 23} In his seventh assignment of error, appellant argues that the trial court failed to inform him of his right to have a jury determine the forfeiture of $3,110 in currency. The trial court's judgment entry found that appellant was the owner of $3,110 in cash and other miscellaneous items seized as evidence pursuant to R.C. 2901.01(A)(13). It further found that he waived his rights to that evidence and waived his right to process and notice of a forfeiture hearing. The negotiated plea form provides that appellant would forfeit all property seized at the time of his arrest and the execution of the search warrant. $3,110 in cash is listed on the inventory sheet of items seized as part of the warrant return. A negotiated plea and jointly recommended sentence which includes a forfeiture penalty precludes appellate review of that penalty as all rights with respect to the forfeiture are waived. State v.Smith (1997), 117 Ohio App.3d 656, 669. *Page 10 
At the plea hearing, the prosecution read the plea agreement, including the forfeiture provision. The trial court conducted a full Crim.R. 11 colloquy with appellant, and elicited his understanding that he waived his right to have a jury decide his guilt beyond a reasonable doubt. Appellant's seventh assignment of error is not well-taken.
 {¶ 24} In sum, appellant has not demonstrated a manifest injustice warranting relief. He entered into a negotiated plea agreement whereby eight felony charges were dismissed. He received a jointly-recommended sentence, which precludes appellate review unless unauthorized by law. R.C. 2953.08(D). He was clearly aware that he thereby forfeited all rights to the $3,110 seized. The trial court did not abuse its discretion in denying appellant's motion to withdraw his plea.
 {¶ 25} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1