OPINION
{¶ 1} Appellant, Willie L. Dumas ("appellant"), seeks reversal of a judgment by the Franklin County Court of Common Pleas denying his motion to withdraw his pleas of guilty in two cases. We consolidated the two cases for purposes of appeal. For the reasons that follow, we affirm the judgments of the trial court. *Page 2 
 {¶ 2} On March 21, 2002, appellant was indicted by the Franklin County Grand Jury on two counts of trafficking in cocaine in violation of R.C. 2925.03 and one count of possession of cocaine in violation of R.C. 2925.011. The case was assigned case No. 02CR03-1511. On September 6, 2002, appellant entered pleas of guilty to the two trafficking charges, with the possession charge being dismissed. The court continued the case for sentencing.
 {¶ 3} On November 7, 2002, appellant was indicted by the Franklin County Grand Jury on one count of kidnapping in violation of R.C. 2905.01, one count of felonious assault in violation of R.C. 2903.11, and one count of intimidation of a crime witness in violation of R.C. 2921.04. That case was assigned case No. 02CR11-6641. On January 22, 2003, appellant entered a plea of guilty to the charge of intimidating a crime witness, with the other two charges being dismissed. The court ordered a pre-sentence investigation and consolidated the two cases for sentencing. On April 3, 2003, the trial court imposed a sentence of five years of intensive supervision of community control. On March 20, 2004, appellant's term of community control was terminated successfully.
 {¶ 4} On January 26, 2007, appellant, acting pro se, filed a document entitled "WRIT OF ERROR CORAM NOBIS" with the trial court. In that document, appellant argued that his guilty pleas had not been entered knowingly because he had not been informed by either the trial court or by his trial counsel that the convictions could be used to enhance a federal sentence by qualifying him as a career criminal. Appellant also argued that he had received ineffective assistance of counsel because his trial counsel *Page 3 
coerced him into entering a plea of guilty to the charge of intimidation of a crime witness when he was not guilty of that offense.
 {¶ 5} On August 10, 2007, the court overruled appellant's petition for a writ of error coram nobis and struck various pleadings that had been filed by appellant and the state relating to the petition on the grounds that Ohio law does not recognize that common law writ. On August 20, 2007, appellant filed an additional pleading purporting to respond to a motion by the state. In that pleading, appellant asked that his petition be treated as a motion to withdraw his pleas of guilty. Attached to the pleading were identical affidavits by two people claiming to have been witnesses to the incident from which the charge of intimidation of a crime witness arose, stating that appellant did not threaten, grab or hold the victim against her will. Appellant also filed his own affidavits, in which he averred that he had not been advised of the elements necessary for a conviction of intimidation of a crime witness, that he had not been informed that intimidation of a crime witness was considered a crime of violence, and that if he had been properly informed of those issues he would not have agreed to plead guilty.
 {¶ 6} On January 23, 2008, the trial court issued a decision and entry denying appellant's motion to withdraw his guilty pleas. Appellant filed this appeal, alleging two assignments of error:
 FIRST ASSIGNMENT OF ERROR
 The trial court erred in refusing to permit Appellant to withdraw his guilty pleas because he was unaware of the collateral consequences of the pleas and potential defenses to the charges. *Page 4 
 SECOND ASSIGNMENT OF ERROR
 The trial court erred in failing to grant Appellant's motion to withdraw his guilty plea on a claim of actual innocence.
 {¶ 7} Appellant's two assignments of error are interrelated, and will therefore be addressed together. Motions to withdraw guilty pleas are governed by Crim. R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} Because appellant's motion was made after sentencing, appellant has the burden of showing a manifest injustice that warrants allowing him to withdraw his guilty pleas. State v. Smith (1977),49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324. In order to show a manifest injustice, a defendant seeking to withdraw a guilty plea must show that there was a fundamental flaw in the proceedings that resulted in a miscarriage of justice or was inconsistent with the requirements of due process. State v. Moncrief, Franklin App. No. 08AP-153, 2008-Ohio-4594. The defendant bears the burden of showing manifest injustice based on facts contained in the record or supplied through affidavits. State v.Orris, Franklin App. No. 07AP-390, 2007-Ohio-6499.
 {¶ 9} Reviewing courts will not disturb a trial court's decision on a motion to withdraw a guilty plea absent an abuse of discretion.State v. Caraballo (1985), 17 Ohio St.3d 66, 17 OBR 132, 477 N.E.2d 627. Abuse of discretion means "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or *Page 5 
unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,5 OBR 481, 450 N.E.2d 1140.
 {¶ 10} Initially, as noted by the trial court below, appellant's motion to withdraw his guilty pleas focused entirely on the charge of intimidation of a crime witness, and made no mention of his earlier guilty pleas on the drug trafficking charges. Likewise, appellant's argument here focuses solely on the charge of intimidation of a crime witness. Consequently, his guilty plea to that charge is the only one we will consider.
 {¶ 11} Appellant argues generally that he did not enter the guilty plea knowingly, voluntarily, and intelligently. A plea of guilty, involving as it does that waiver of several constitutional rights, must not be accepted unless it is made knowingly, voluntarily, and intelligently. State v. Clark, 2008-Ohio-3748, citing State v.Engle (1996), 74 Ohio St.3d 525, 1996-Ohio-179, 660 N.E.2d 450. Before accepting a plea, a trial court is required to engage a defendant in a colloquy that includes the information set forth in Crim. R. 11(C)(2).Clark. That rule requires the trial court to address the defendant personally, and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining *Page 6 
 witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 12} Appellant argues that his plea was not entered knowingly, voluntarily, and intelligently because the trial court and his trial counsel failed to inform him that his conviction for intimidation of a crime witness was a felony of violence that could be used to enhance sentencing in a subsequent federal case. Appellant cites to the decision by the Supreme Court of Ohio in State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, 820 N.E.2d 355, in which the court remanded for further consideration a case in which the defendant had not been specifically informed of the effect of a guilty plea on her immigration status, and subsequently sought to withdraw her guilty plea.[1]
 {¶ 13} However, that case involved a statutory provision, R.C. 2943.031, which requires a trial court to inform a defendant of the effect of a plea on the defendant's immigration status. Because the statute included a provision requiring the trial court to permit a defendant to withdraw a guilty plea when the information had not been given, the court determined that the manifest injustice standard normally applied to post-sentencing Crim. R. 32.1 motions would not apply. In this case, we do not have such a statutory provision, so the court's analysis in Francis regarding the failure to inform a defendant of the effect of a guilty plea on immigration status is not helpful on the question of the effect of the trial court's failure to inform appellant that his conviction *Page 7 
could be used to enhance sentencing in a subsequent federal criminal action, to which the manifest injustice standard still applies.
 {¶ 14} Generally, in order for a plea to be knowing, voluntary, and intelligent, a defendant must only be made aware of the direct consequences of the plea, and the trial court is not required to inform the defendant of all possible collateral consequences. State v.Harris, Erie App. No. E-06-015, 2007-Ohio-6362, citing King v.Dutton (C.A.6, 1994), 17 F.3d 151. Because federal prosecution does not automatically follow a state court conviction, a trial court's failure to inform a defendant of possible federal court consequences does not render the plea involuntary. Harris. Consequently, the fact that the trial court did not inform appellant that his conviction for intimidation of a crime witness would constitute a crime of violence that could be used to enhance future federal sentences does not require us to conclude that appellant's plea was not made knowingly, voluntarily, and intelligently.
 {¶ 15} Appellant also argues that the colloquy between him and the trial court shows that he did not understand the rights he was waiving. Appellant characterizes his responses to the court's questioning as showing no depth of understanding of the rights he was waiving. The transcript of the plea hearing, part of which was attached to appellant's motion below, shows that after the trial court complied with the Crim. R. 11(C)(2) requirements, including the enumeration of the rights being waived by appellant's entry of a guilty plea, the following discussion occurred:
 THE COURT: VERY WELL. WILLIE, BEFORE I CAN ACCEPT YOUR PLEA, YOU HAVE GOT TO WAIVE OR GIVE UP ALL OF THE RIGHTS I JUST TOLD YOU ABOUT.
 DO YOU UNDERSTAND THAT? *Page 8 
 THE DEFENDANT: YES, YOUR HONOR.
 THE COURT: IS THAT WHAT YOU INTEND TO DO AT THIS TIME?
 THE DEFENDANT: YES. I DON'T KNOW NO BETTER WAY OUT.
 THE COURT: YOU UNDERTAND THAT YOU COULD STILL ELECT TO GO TO TRIAL IF YOU WANTED TO? SO THE OTHER WAY OUT IS TO TAKE IT TO TRIAL.
 DO YOU UNDERSTAND THAT?
 THE DEFENDANT: YES. I CHOOSE NOT TO.
 THE COURT: YOU CHOOSE NOT TO TAKE IT TO TRIAL. IS THAT RIGHT?
 THE DEFENDANT: YES.
 THE COURT: AND YOU WANT TO GO FORWARD WITH THIS PLEA AT THIS TIME?
 THE DEFENDANT: YES, YOUR HONOR.
 THE COURT: SO THE ONLY WAY TO GO FORWARD WITH THE PLEA IS FOR YOU TO WAIVE YOUR RIGHTS THEN.
 THE DEFENDANT: OKAY. I WAIVE MY RIGHTS THEN.
(Tr., 21-22.)
 {¶ 16} Nothing in this colloquy shows any lack of depth of understanding by appellant of the rights he was waiving by entering his guilty plea. Thus, appellant's argument that he did not fully understand the rights he was waiving lacks merit, and the trial court did not abuse its discretion in finding that appellant failed to establish a manifest injustice on that basis. *Page 9 
 {¶ 17} Appellant also argues that he did not fully understand possible defenses he had to the charge of intimidation of a crime witness because his trial counsel did not fully inform him of the consequences of his plea, and essentially forced him to enter the guilty plea. This claim is also refuted by the transcript of the plea hearing, which demonstrates the following discussion:
 THE COURT: I WANT TO MAKE SURE THAT YOU'RE DOING THAT BECAUSE YOU UNDERSTAND IT'S STILL YOUR CHOICE TO DO THAT.
 NOBODY IS FORCING YOU TO DO IT, CORRECT?
 THE DEFENDANT: NOBODY FORCED ME. IT WAS ADVISED IT WOULD BE THE BEST THING.
 THE COURT: BUT NOTWITHSTANDING THE FACT THAT YOUR LAWYER ADVISED YOU THAT IT WOULD BE THE BEST THING —
 THE DEFENDANT: YES.
 THE COURT: — YOU STILL NEED TO — YOU'RE RESPONSIBLE FOR THIS DECISION.
 THE DEFENDANT: YES.
(Tr., 22-23.)
 {¶ 18} The trial court also questioned appellant's counsel regarding appellant's understanding of the plea:
 THE COURT: MR. GILL, DO YOU BELIEVE YOUR CLIENT HAS UNDERSTOOD ALL YOUR COUNSELING AND ADVICE AND IS ENTERING THIS PLEA KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY?
 MR. GILL: YES, YOUR HONOR.
(Tr., 21.) *Page 10 
 {¶ 19} Given this evidence, we cannot say the trial court abused its discretion in rejecting appellant's argument that appellant's counsel forced appellant to enter his guilty plea to the charge of intimidation of a crime witness, and thus did not show a manifest injustice requiring that appellant be allowed to withdraw his guilty plea.
 {¶ 20} Appellant also argues that the trial court abused its discretion when it refused to allow him to withdraw his guilty plea based on his claim of actual innocence. The record shows that appellant entered his plea of guilty while still asserting his innocence, which is permitted under North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162. In order to accept an Alford plea, a trial court must ensure that there is a factual basis for the plea, and must make an attempt to resolve the conflict between a defendant's waiver of trial rights and the assertion of innocence. State v. Padgett (1990),67 Ohio App.3d 332, 586 N.E.2d 1194. Where a trial court has before it sufficient information to determine that the decision to plead guilty notwithstanding the defendant's assertion of innocence was a rational decision, the continued assertion of innocence does not require a finding that the plea was not entered knowingly, voluntarily, and intelligently, such that withdrawal of the plea must be allowed. SeeState v. Kirigiti, Franklin App. No. 06AP-612, 2007-Ohio-6852.
 {¶ 21} In this case, after the assistant prosecuting attorney recited the facts of the case, the following discussion occurred:
 THE COURT: OKAY. AND YOU HEARD THE PROSECUTOR RECITE THE FACTS, CORRECT?
 THE DEFENDANT: YES. *Page 11 
 THE COURT: OKAY. ARE YOU PLEADING GUILTY TO FELONY THREE INTIMIDATION OF A WITNESS BECAUSE YOU ARE GUILTY OF THAT OFFENSE?
 MR. GILL: YOUR HONOR, I BELIEVE THAT THE PLEA IS ENTERED IN CONSIDERATION OF AVOIDING THE RISK OF TRIAL. I BELIEVE THERE ARE SOME EXCEPTIONS TO THE FACTS THAT WE WOULD MAKE.
 IT'S MY UNDERSTANDING, HOWEVER, THAT THE COURT WOULD ORDER AN UPDATED PSI BEFORE ALLOWING MR. DUMAS —
 THE COURT: I INDICATED I WOULD ORDER AN UPDATED PSI. THIS IS THE FIRST THING I HEARD ABOUT AN ALFORD PLEA, THOUGH.
 MR. GILL: PARDON?
 THE COURT: NOBODY EVER DISCUSSED THIS AS BEING AN ALFORD PLEA. IS IT OFFERED AS THAT?
 MR. PETERSON: IT WASN'T. THAT WAS NOT DISCUSSED.
 THE COURT: WILLIE, WHAT MR. GILL IS TRYING TO SAY IS THAT THE ONLY REASON YOU'RE ENTERING INTO THIS PLEA IS TO AVOID THE CONSEQUENCES OF GOING TO TRIAL.
 I GUESS I NEED TO KNOW FROM YOU WHERE YOU STAND ON THAT ISSUE.
 THE DEFENDANT: WELL, WHERE I STAND —
 THE COURT: AND MY QUESTION TO YOU WAS, ARE YOU PLEADING GUILTY BECAUSE YOU ARE GUILTY OR ARE YOU PLEADING GUILTY TO AVOID THE CONSEQUENCES OF GOING TO TRIAL?
 THE DEFENDANT: AVOIDING THE CONSEQUENCES OF GOING TO TRIAL. BECAUSE I WATCHED A LOT OF COURT TV AT HOME. AND I JUST — I SEE PEOPLE TAKE THINGS TO TRIAL AND SOME PEOPLE GET FOUND *Page 12 
 GUILTY AND THEN GOT YEARS. IT COMES BACK ON APPEAL AND THINGS LIKE THAT.
 THE COURT: WELL, OKAY. REGARDLESS OF WHETHER YOU'RE PLEADING GUILTY BECAUSE YOU ARE GUILTY OR WHETHER YOU ARE PLEADING GUILTY TO AVOID THE CONSEQUENCES OF GOING TO TRIAL, THE EFFECT TO YOU WILL BE THE SAME. ALL RIGHT?
 THE DEFENDANT: YES.
 THE COURT: IF I ACCEPT YOUR PLEA, YOU ARE FORECLOSED FROM APPEALING UNLESS I SENTENCE YOU TO A MAXIMUM SENTENCE.
 DO YOU UNDERSTAND WHAT I SAID?
 THE DEFENDANT: YES.
 THE COURT: AND I THINK YOUR PREVIOUS COMMENT WAS YOU'RE TRYING TO CUT YOUR LOSSES; IS THAT RIGHT?
 YOU KNOW, YOU FACE THREE CASES NOW. IF I ACCEPT YOUR PLEA —
 THE DEFENDANT: YES.
 THE COURT: OKAY. DO YOU WANT TO DO THIS OR NOT, WILLE? THAT IS THE BOTTOM LINE. DO YOU WANT TO ENTER THIS PLEA OR DO YOU WANT TO GO TO TRIAL?
 THE DEFENDANT: DO I WANT TO —
 THE COURT: DO YOU WANT TO TALK TO YOUR LAWYER?
 DON'T LET ME OR ANYBODY ELSE TALK YOU INTO ANYTHING. I WANT TO MAKE SURE YOU UNDERSTAND WHAT WE ARE DOING HERE.
 (DEFENDANT AND ATTORNEY CONFERRING.)
 THE COURT: WHAT ARE YOU GOING TO DO? *Page 13 
 THE DEFENDANT: ENTER A PLEA.
 THE COURT: YOU WANT TO DO WHAT?
 THE DEFENDANT: ENTER A PLEA OF GUILTY.
 THE COURT: ARE YOU DOING THAT VOLUNTARILY?
 THE DEFENDANT: YES.
 THE COURT: AND THAT IS YOUR CHOICE, CORRECT?
 THE DEFENDANT: YES.
 THE COURT: AND YOU HAVE CONSULTED WITH MR. GILL, CORRECT?
 THE DEFENDANT: YES, YOUR HONOR.
 THE COURT: BUT YOU'RE MAKING THE CHOICE; IS THAT RIGHT?
 THE DEFENDANT: YES.
 THE COURT: NOBODY IS FORCING YOU?
 THE DEFENDANT: NO, SIR.
 THE COURT: ALL RIGHT. THE COURT WILL ACCEPT YOUR PLEA AND FIND THAT IT'S BEEN KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.
(Tr. 23-26.)
 {¶ 22} This discussion shows that appellant entered into the plea knowingly, voluntarily, and intelligently, notwithstanding his claim that he was innocent of the charge to which he was pleading guilty. Consequently, the trial court did not abuse its discretion in finding that appellant's continued assertion of innocence did not establish manifest injustice requiring appellant to withdraw his guilty plea. *Page 14 
 {¶ 23} Consequently, we overrule both of appellant's assignments of error, and affirm the judgment by the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] The court reversed the decision by the court of appeals that the motion to withdraw the guilty plea was correctly overruled because it was not timely, and remanded the case to the trial court for further consideration. *Page 1