[Cite as *State v. King*, 2011-Ohio-2916.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 95492

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENNIS KING

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528585

**BEFORE:** Jones, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

ATTORNEY FOR APPELLANT

Anita Barthol Staley
7327 Center Street
Mentor, Ohio 44060


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Carl Sullivan
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}  Defendant-appellant, Dennis King, appeals the trial court's judgment denying his motion to modify his sentence.   We affirm.

I.   Procedural History and Facts

{¶ 2}  In September 2009, a Cuyahoga County Grand Jury indicted King on four counts of failure to comply, two counts of aggravated vehicular assault, and two counts of failure to stop after an accident.   The indictment was based on the following facts.

**{¶ 3}** The Lakewood police stopped King in his vehicle. King subsequently fled the scene in the vehicle, and drove in excessive speed through a mixed commercial and residential area at dusk, running at least one red traffic light. The police pursued him, and during the course of the chase, King hit two vehicles. As a result, two people were injured and incurred medical treatment expenses. King fled his car and a chase ensued. The police apprehended him a short time later. The car chase lasted approximately one minute and spanned 16 city blocks.

**{¶ 4}** After negotiations with the state, King pleaded guilty to Count One, failure to comply and Counts Five and Six, aggravated vehicular assault; the remaining counts were dismissed. After the trial court accepted King's plea, it immediately sentenced him to a nine-year prison term and imposed restitution for the victims. The court ordered the sentence to be served concurrently to a ten-year sentence imposed in a federal case arising from this same incident.[1]

**{¶ 5}** The day following his plea and sentence, King filed a motion to modify the sentence. The court denied the motion without a hearing. King raises the following assignments of error for our review:

"[I.] The trial court abused its discretion by denying the motion to modify sentence without even conducting an oral hearing.

"[II.] The trial court erred as a matter of law by improperly inducing

---

[1]The federal charges related to contraband found in King's vehicle.

defendant-appellant to plead guilty after explaining how a yet then unannounced state prison sentence was actually more advantageous to defendant-appellant in the long run than the imposition of community control sanctions, thereby leading to pleas that were less than knowing, intelligent, and voluntary in derogation of Crim.R. 11.

"[III.] Defendant-appellant was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

II.   Law and Analysis

{¶ 6}   For ease of discussion, we consider King's assignments of error out of order.

A.   The Plea

{¶ 7}   Crim.R. 11(C)(2) provides that a court may not accept a guilty plea unless it addresses the defendant personally and (1) determines that he is making the plea voluntarily, understanding the charges and the maximum penalty involved; (2) informs him of the effect of his guilty plea; and (3) informs him of the federal and state constitutional rights he will be waiving by entering a guilty plea.   The rule creates two sets of requirements for a court to accept a guilty plea in a felony case.   *State v. Higgs* (1997), 123 Ohio App.3d 400, 403, 704 N.E.2d 308. The first set is constitutional; the second set is nonconstitutional.   Id.   Strict compliance is required for the constitutional requirements.   Id.   While literal compliance is the preferred practice for the nonconstitutional requirements, a guilty plea is valid as long as the court substantially complies with these requirements.   *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.   In order to satisfy the requirement of substantial compliance, an

appellate court must view the totality of the circumstances and determine whether the appellant has suffered prejudice. Id.

{¶ 8} King does not challenge the trial court's advisement to him of the constitutional rights he waived, and our review shows that the court strictly complied with that advisement. Rather, King contends that the trial court led him to believe that his nine-year sentence in this case would not exceed his ten-year federal sentence. According to King's motion to modify his sentence, it is possible that he could serve more time under this sentence because the federal sentencing guidelines allow for "good behavior" reductions, meaning that he could possibly serve eight, rather than ten, years of the federal sentence. We find no merit to King's contention for three reasons.

{¶ 9} First, the record does not support King's contention that the trial court lured him into a plea with any promise. Rather, the court expressed that it wanted King's sentence in this case to run concurrently to his sentence in his federal case, but expressed concern as to whether it could legally do that. After researching the issue with counsel, the court concluded that it could sentence King to serve his time concurrently with his federal sentence.

{¶ 10} The court *never* told King that his state court sentence would not exceed his federal court sentence. King contends that the trial court's "language" "indisputably" demonstrated that it "clearly intended for [him] to finish serving his state sentencing completely before the expiration of the federal term of incarceration[.]" King cites the

following statement by the trial court in support of his contention: "Let's say I give [you] a four-year sentence, * * * [o]nce you get [past] my sentence, then you are only serving the Federal sentence and they can do with you whatever they want to do."

{¶ 11} The court's statement was true and does not demonstrate the intent King contends. In context, the court made the statement when reviewing with King a pro and con of a prison sentence versus the imposition of a community control sanction. Specifically, the court explained to King that if it sentenced him to a community control sanction, he would not begin serving the sanction until he completed his federal sentence. The court further explained that if it sentenced him to a prison term concurrent with his federal sentence, although he would be serving the sentences at the same time, he may not be eligible for special programs available in the federal system because he would have a state detainer. After providing its explanation, the court asked King if he agreed that a concurrent prison sentence would be better for him than a community control sanction, and King agreed.

{¶ 12} The Tenth Appellate District addressed this issue of concurrent state and federal sentences in *State ex rel. Gray v. Karnes*, Franklin App. No. 10AP-789, 2010-Ohio-5364. There, the defendant was sentenced in state court to a prison term to be served concurrently with a previously imposed federal sentence. Had the defendant served the entire federal sentence it would have extended beyond the sentence imposed in his state court case. But the defendant was released early from his federal prison sentence and filed a writ of habeas

corpus, contending that because his state sentence was to be served concurrently with his federal sentence, the state sentence necessarily expired at the same time he was released on his federal case.

{¶ 13} The trial court and the Tenth District relied on the Second Appellate District's decision in *State v. Bellamy*, 181 Ohio App.3d 210, 2009-Ohio-888, 908 N.E.2d 522, in rejecting the defendant's claim. In *Bellamy*, the court held that "'the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the previously imposed sentence.'" (Emphasis sic.) Id. at ¶12, quoting *Bianco v. Minor* (June 6, 2003), M.D.Pa. No. Civ.A. 303CV0913. The Second District contrasted a concurrent sentence with a consecutive sentence, where the second sentence cannot begin to be served until the first sentence has been completed. *Bellamy* at id., citing *Richards v. Eberlin*, Belmont App. No. 04-BE-1, 2004-Ohio-2636.

{¶ 14} In light of the above, the Tenth District found as follows: "'[t]he fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each sentence. However, if the sentences which are to run concurrently are of different lengths, the prisoner cannot be discharged until he has served the longest sentence.'" *Gray* at ¶6, quoting *Brinklow v. Riveland* (Colo. 1989), 773 P.2d 517.

{¶ 15} Here, there was no explicit promise made to King that his state court sentence would not exceed his federal court sentence. Further, there was no implied promise made to

King, and as set forth in *Gray*, a shortened federal sentence does not operate to reduce a state court sentence when the two sentences were ordered to be served concurrently. Accordingly, King's plea was not based on the promise of a shorter state court sentence.

{¶ 16} The second reason we find King's contention that his plea was not knowing, voluntary, and intelligent to be without merit is because generally, in order for a plea to be knowing, voluntary, and intelligent, a defendant must only be made aware of the *direct consequences* of the plea. *State v. Harris*, Erie App. No. E-06-015, 2007-Ohio-6362, ¶20. That is, a trial court is not required to inform the defendant of all possible collateral consequences. Id. Thus, the trial court was not required to inform King that he *may* get a "good behavior" reduction in his federal case, that *may* result in him serving more time on the state case than the federal case.

{¶ 17} The final reason that we find King's contention that his plea was not knowing, voluntary, and intelligent without merit is because he has failed to demonstrate prejudice. The test for prejudice is whether the plea would have otherwise been made. *State v. Veney*, 120 Ohio St .3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶17. Neither before this court nor the trial court has King contended that he would not have entered his plea had he known and understood that he could serve more time on this case than the federal case. Rather, at the conclusion of the sentencing hearing, the trial court asked King if he had questions and King responded, "I'm getting nine years? You say nine years in all, right?" The court told King

he was correct, and he said "[o]kay.   I understand."

{¶ 18} On this record, King's plea was knowing, voluntary, and intelligent.   The trial court was not obligated to inform him of the possibility that he may serve more time on this case than on his federal case.   Further, by operation of law, the concurrent time will expire when the longest sentence is served.   Moreover, King understood that he was being sentenced to nine years on this case, and he has not demonstrated that he was prejudiced.

{¶ 19} Accordingly, the second assignment of error is overruled.

B.   Motion to Modify Sentence

{¶ 20} In his first assignment of error, King contends that the trial court abused its discretion by denying his motion to modify his sentence without at least conducting a hearing.  We disagree.

{¶ 21} The motion to modify was based on King's contention that the trial court "did not take into consideration the concept of good behavior reduction in relation to a federal penal sentence."   In addition to not being required to inform King about the collateral consequences of his plea, the trial court was not required to consider the federal case in sentencing King in state court.   Specifically, "states are separate sovereigns with respect to the federal government."   *State v. McKinney* (1992), 80 Ohio App.3d 470, 474, 609 N.E.2d 613.   Moreover, the basis of King's motion to modify the sentence was speculative, that is, the federal court *may* grant him a "good behavior" reduction.

{¶ 22} In light of the above, the first assignment of error is overruled.

C.   Ineffective Assistance of Counsel

{¶ 23} In his third assignment of error, King contends that his trial counsel was ineffective because he failed to (1) raise the possibility of "good behavior" reduction in his federal case at the sentencing hearing, and (2) file a Crim.R. 32.1 motion to withdraw the plea.

{¶ 24} A guilty plea waives a defendant's claim of ineffective assistance of counsel except to the extent that the alleged ineffectiveness may have caused the guilty plea to be less than knowing, intelligent, and voluntary.   *State v. Barnett* (1991), 73 Ohio App.3d 244, 249, 596 N.E.2d 1101; *State v. Smith*, Cuyahoga App. No. 85616, 2005-Ohio-4702, at ¶14.   As discussed above, King was not induced into his plea by the promise that his state court sentence would not exceed his federal court sentence, and his plea was knowing, intelligent, and voluntary.   His ineffective assistance of counsel claim is, therefore, waived.

{¶ 25} Nonetheless, we find no merit to the claim.   "To substantiate a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of defendant's trial or legal proceeding would have been different had defense counsel provided proper representation." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 26} For the reasons already discussed, the possibility of a "good behavior"

reduction in King's federal case was not for the trial court's consideration. Accordingly, King's trial counsel was not ineffective for not raising it at sentencing or not filing a motion to withdraw King's plea. The third assignment of error is therefore overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR