[Cite as *State v. Radovanic*, 2013-Ohio-4157.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-193 |
| | | (C.P.C. No. 11CR-12-6609) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Rosemarie Radovanic, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 24, 2013

*Michael DeWine*, Attorney General, and *Maritsa A. Flaherty*, for appellee.

*Richard H. Drucker*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Rosemarie Radovanic, from a judgment of the Franklin County Court of Common Pleas denying appellant's motion to vacate her guilty plea.

{¶ 2} On December 21, 2011, appellant was indicted for theft by deception, in violation of R.C. 2913.02(A)(3), a felony of the third degree. The indictment also named as defendants Carolyn Lane and a corporation, "A Caring Alternative." On May 21, 2012, appellant entered a guilty plea to one count of theft by deception, a felony of the fourth degree.

{¶ 3} By entry filed June 5, 2012, the trial court sentenced appellant to a five-year period of community control and ordered her to pay restitution in the amount of $261,870.98. On November 15, 2012, a probation officer filed a request for revocation of probation alleging that appellant "has been working in the home health field as an owner of Evercare and Precious Gems Health Care, LLC contrary to the order of the Court."

{¶ 4} On January 11, 2013, appellant filed a motion to vacate her guilty plea pursuant to Crim.R. 32.1. In the accompanying memorandum in support, appellant asserted she had suffered manifest injustice resulting from her plea. More specifically, appellant argued she had been deprived of her means to earn a living because the United States Department of Health and Human Services ("DHHS") had imposed an expansive restriction upon her after she entered the plea. On January 16, 2013, the state filed a memorandum contra. By entry filed February 14, 2013, the trial court denied appellant's motion to vacate.

{¶ 5} On appeal, appellant sets forth the following assignment of error for this court's review:

> The Trial Court erred, and abused its discretion and caused Ms. Radovanic a manifest injustice when it accepted [a] guilty plea, which plea has summarily barred her from employment, then denied Ms. Radovanic's Motion to Vacate Guilty Plea without granting an evidentiary hearing to consider the case's merits.

{¶ 6} Under her single assignment of error, appellant asserts the trial court erred in denying her motion to vacate. Appellant further argues that the court erred in not granting an evidentiary hearing on the motion.

{¶ 7} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The term "manifest injustice" "relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 10, citing *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. A defendant "bears the burden of establishing a manifest injustice based on specific facts in

the record or facts supplied through affidavits attached to the motion." *State v. Sansone,* 10th Dist. No. 11AP-799, 2012-Ohio-2736, ¶ 7, citing *State v. Hagler,* 10th Dist. No. 10AP-291, 2010-Ohio-6123, ¶ 7.

{¶ 8}   A motion by a defendant seeking to withdraw a guilty plea after sentencing "is addressed to the sound discretion of the trial court." *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph two of the syllabus Thus, an appellate court will not reverse a trial court's decision absent an abuse of discretion. *State v. Ogle,* 4th Dist. No. 11CA29, 2013-Ohio-3420, ¶ 81.

{¶ 9}   Under Ohio law, "[a] trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a plea of guilty." *State v. Barrett,* 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9.   Rather, "a trial court need only conduct an evidentiary hearing when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." *State v. Vincent,* 4th Dist. No. 03CA2713, 2003-Ohio-3998, ¶ 10.   *See also State v. Buck,* 9th Dist. No. 04CA008516, 2005-Ohio-2810, ¶ 14, quoting *State v. Russ,* 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12 ("An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.' ").

{¶ 10} Appellant argues that, because of her guilty plea, DHHS placed her on an excluded list, effectively depriving her of the ability to work and support herself. Appellant maintains it is manifestly unjust for a criminal defendant to suffer unforeseen consequences of a plea that are so severe as to impede that individual's "only" means of support.

{¶ 11} In its entry denying appellant's motion to vacate, the trial court held in relevant part:

> The Defendant entered her plea on May 5, 2012 and was sentenced on June 5, 2012.  Some seven (7) months later she filed a Motion to Vacate her plea.  The Defendant complains that she was unaware her conviction would, or could lead, to the collateral consequences of her being unable to be employed in the nursing care or home health care field specifically in cases which provide for Medicaid and Medicare

reimbursement. The Defendant's claims are without merit. The Prosecution produced e-mails establishing Defendant and her counsel were aware of the collateral consequences.

Moreover, the Court as a condition of probation limited the Defendant's ability to be engaged in the home health care field. Thus, the Defendant knew as early as May that the guilty plea would impact her potential future employment in that field. However, despite this knowledge she waited seven (7) months to raise the issue.

Moreover, the Defendant's complaint is considered a collateral consequence of her plea and the Court was not required to inform the Defendant of all possible collateral consequences. The Court fully complied with Crim.R. 11 and thus the Defendant's plea was a valid plea.

{¶ 12} The record supports the trial court's finding that appellant and her counsel were informed, prior to the plea, of the potential consequence of being placed on the federal exclusion list. Attached to the state's memorandum contra the motion to vacate was the affidavit of Maritsa A. Flaherty, an attorney employed in the Health Care Fraud Section of the Ohio Attorney General's Office. According to the affidavit, Flaherty served as co-counsel in the common pleas case involving appellant, and Flaherty "had conversations with Ms. Radovanic's defense counsel * * * regarding the federal exclusion," and sent defense counsel "two emails in regards to the federal exclusion."

{¶ 13} Flaherty further states in the affidavit that she discussed the federal exclusion with appellant prior to appellant testifying against her co-defendant, Carolyn Lane. More specifically, Flaherty avers she informed appellant: "I could not advise her about the full extent of the federal exclusion," but "I suggested she contact [the Office of Inspector General] in order to determine the scope of the exclusion."

{¶ 14} Also attached to the state's memorandum contra were copies of two emails from Flaherty to appellant's counsel. One of the emails sets forth the text of 42 USC 1320a-7; in that email, dated May 8, 2012, Flaherty states to counsel: "This is the federal code section regarding exclusion from participating in any Federal health care program (which obviously includes Medicaid) upon being convicted of a program related offense. The exclusion is for five-years regardless of whether the conviction is a misdemeanor or

felony.  There really is no way around this from my end."  In the other email, dated May 9, 2012, Flaherty states to appellant's counsel: "Below is the [Office of Inspector General] website that discusses federal exclusions.  There is a FAQ section that may be helpful.  While I cannot advise your client the full extent of the exclusion, I can tell you that we are mandated to report the conviction which will create a mandatory 5-year exclusion."

{¶ 15} Under Ohio law, in order for a guilty plea to be valid it "must be made voluntarily and intelligently." *State v. Harris,* 6th Dist. No. E-06-015, 2007-Ohio-6362, ¶ 20.  A plea "must be made with knowledge of the 'relevant circumstances and likely consequences.' " *Id.*, quoting *Brady v. United States*, 397 U.S. 742, 748 (1970).   Further, "in order for a plea to be knowing, voluntary, and intelligent, a defendant must only be made aware of the direct consequences of the plea, and the trial court is not required to inform the defendant of all possible collateral consequences." *State v. Dumas,* 10th Dist. No. 08AP-179, 2008-Ohio-4896, ¶ 14, citing *Harris*, citing *King v. Dutton* 17 F.3d 151 (6th Cir.1994).  *See also State v. Dotson,* 4th Dist. No. 99CA33 (Mar. 12, 2001) (while a court must inform a defendant of the direct consequences of a guilty plea, such as the nature of the charges, "the court is not required to inform the defendant of the *collateral* consequences of his plea"). (Emphasis sic.) A direct consequence of a plea "is an 'immediate and automatic' consequence."  *Harris* at ¶ 20, quoting *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir.1989).

{¶ 16} As cited above, the trial court held that possible ramifications with respect to exclusion from federal Medicaid and Medicare programs were deemed collateral consequences of the plea.  While there appear to be no Ohio cases directly on point, courts in other jurisdictions have held that exclusion from participation in federally funded health care programs is a collateral consequence of a plea.  *See State v. Merten,* 266 Wis.2d 588, 597-98 (2003) (the effect of 42 U.S.C. 1320a-7(a)(4) was a "collateral consequence" of defendant's plea, and thus the court was not required to inform him of the statute's effect prior to taking his plea); *State v. Albright,* IK90-05-0113-R1 (Del.Super. Jan. 10, 1994) (defendant's "civil exclusion from the Medicare and State Health Program for five years pursuant to 42 U.S.C. § 13209-7(c)(1) is a collateral civil consequence of which he need not be informed for the criminal conviction to be valid"); *United States v. Manocchio,* S.D.Fla. No. 91-6778-CIV-ZLOCH (Feb. 10, 1994) (exclusion

from Medicare program "is a collateral consequence of a guilty plea"). We find persuasive those cases holding that a defendant's exclusion from federal health care programs is a collateral (and not direct) consequence of the plea.

{¶ 17} As previously discussed, the record supports the trial court's determination that appellant and her counsel were made aware of her potential exclusion from participation in federally funded health care programs prior to her plea. Further, the trial court was not required to inform appellant of all collateral consequences of her plea, and any purported failure by the court to inform appellant of these consequences did not render the plea invalid or create a manifest injustice. *Dumas* at ¶ 14. Accordingly, the court did not abuse its discretion in denying appellant's motion to vacate her plea. Finally, because appellant cannot demonstrate that withdrawal of the plea is necessary to correct a manifest injustice, the trial court did not err in deciding the motion without first conducting a hearing. *Buck* at ¶ 14.

{¶ 18} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and T. BRYANT, J., concur.

T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____