[Cite as *State v. Henderson*, 2015-Ohio-4408.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-14-1272

    Appellee                                    Trial Court No. CR0201402338

v.

Samuel R. Henderson                          **DECISION AND JUDGMENT**

    Appellant                                  Decided:  October 23, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Samuel R. Henderson, appeals the December 10, 2014 judgment of the Lucas County Court of Common Pleas which, following a jury trial convicting him of aggravated burglary and abduction, sentenced him to a three-year prison term.  For the reasons set forth herein, we affirm.

{¶ 2} On August 22, 2014, appellant was indicted on one count of aggravated burglary, R.C. 2911.11(A)(1), a first degree felony and one count of abduction, R.C. 2905.02(A)(1), (C), a third degree felony. The charges stemmed from an incident on August 10, 2014, involving appellant and his ex-girlfriend.

{¶ 3} The matter proceeded to a jury trial on November 18, 2014. Two police officers testified that on August 10, 2014, at approximately 10:00 p.m., they responded to a 911 call of appellant attempting to break into the victim's home in Toledo, Lucas County, Ohio. Upon arrival, they observed the victim down on the sidewalk. She was visibly upset, shaking and crying. The victim indicated that appellant was the perpetrator. The officers testified that they called the fire department to come and assess her injuries; she was transported to the hospital.

{¶ 4} The officers observed that the front door of the home, including the lock and the frame, was damaged. The deadbolt lock was in the locked position with the door open. There were also boot prints on the door. The officers took photographs of the scene; the injuries to the victim's face were documented at the hospital. The photographs were admitted into evidence. Two 911 telephone calls, one made by the victim and another made by an individual staying at the home, describing appellant as the perpetrator were authenticated, played for the jury, and admitted into evidence.

{¶ 5} A Toledo police detective testified that he arrived on the scene after the victim had been transported to the hospital. He interviewed two witnesses, D.H. and N.R. and went to the hospital and interviewed the victim.

2.

**{¶ 6}** D.H. testified that he was an ex-boyfriend of the victim and that he and his girlfriend, N.R., had been temporarily living at the victim's home. He had a child with the victim. D.H. testified that the incident in question began with appellant trying to "kick the door off the hinges." Once appellant kicked the door in, D.H. stated that he came into the home "in a rage" and approached and hit D.H. D.H. stated that appellant and the victim were on the front porch and he saw appellant punch her in the face. D.H. next saw appellant holding the victim in a "headlock." D.H. stated that appellant was attempting to drag the victim to his vehicle. D.H. explained that he did not continuously monitor the scene because he was attending to his frightened four year old and the victim's other child. D.H. admitted that he had a criminal history and had been convicted of theft on multiple occasions.

**{¶ 7}** N.R. similarly testified that she observed appellant kick the door in and begin hitting the victim. She stated that appellant attempted to drag the victim to his car; he left when he heard the police sirens. N.R. testified that she observed the victim with a black eye and a split lip. Because N.R. stated that she was out on bond during her direct testimony, during cross-examination she was questioned about the charge and indicated that witness D.H was her co-defendant.

**{¶ 8}** Following the trial and deliberations, the jury found appellant guilty of aggravated burglary and abduction. Appellant was sentenced on December 10, 2014, and this appeal followed. Appellant raises three assignments of error for our review:

3.

I. The convictions against appellant were not supported by the manifest weight of the evidence.

II. The convictions against appellant were not supported by the sufficiency of the evidence.

III. The trial court committed reversible error at appellant's sentencing by failing to advise appellant of provisions contained in the sentencing judgment entry.

{¶ 9} Appellant's first and second assignments of error will be jointly addressed. The Ohio Supreme Court has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). At its core, sufficiency of the evidence is a determination of adequacy and a court must consider whether the evidence was sufficient to support the conviction as a matter of law. *Id.* The proper analysis is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Williams,* 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996), quoting *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 10} In contrast, a manifest weight challenge questions whether the state has met its burden of persuasion. *Thompkins* at 387. In making this determination, the court of appeals sits as a "thirteenth juror" and, after:

4.

"reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 11} Appellant's argument is not that he did not strike the victim; rather, appellant contends that the state failed to provide sufficient evidence that he forcibly entered the victim's home "with purpose to commit any criminal offense" as required for an aggravated burglary conviction. Further, appellant contends that the abduction element of removing an individual from the place they were located by force or threat was not established.

{¶ 12} In the present case, when viewing the evidence in the prosecution's favor, we find that the purpose to commit a criminal offense was sufficiently established. D.H. testified that he observed appellant kick the door in "in a rage" and strike him and the victim. N.R. testified that appellant kicked the door in and he and the victim started arguing. He then began hitting her.

{¶ 13} Appellant disputes that the evidence demonstrated that his purpose in entering the home was to assault the victim. Both witnesses testified that appellant

entered the apartment in a rage. However, the state was not required to prove that he intended to strike the victim and D.H. prior to trespassing. The Supreme Court of Ohio has specifically held that "a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass." *State v. Fontes*, 87 Ohio St.3d 527, 530, 721 N.E.2d 1037 (2000). *Accord State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 33. Accordingly, we find that appellant's aggravated burglary conviction was supported by sufficient evidence.

{¶ 14} We further conclude that the evidence does not support the contention that the jury lost its way or that a manifest injustice occurred. Thus, appellant's aggravated burglary conviction was not against the weight of the evidence.

{¶ 15} Appellant next argues that as to the abduction charge, the state failed to present sufficient evidence that appellant forcibly removed the victim from her home. R.C. 2905.02. As this court has noted, the statute does not specify a specific distance and may be satisfied by a distance of only a few feet. *State v. Witcher*, 6th Dist. Lucas No. L-06-1039, 2007-Ohio-3960, ¶ 21-23.

{¶ 16} The testimony presented at trial established that appellant burst into the home and began hitting the victim. They both ended up outside. D.H. and N.R. testified that they saw the victim in a headlock being dragged down the sidewalk towards appellant's vehicle. Based on the foregoing, we find that appellant's abduction conviction was supported by sufficient evidence.

6.

{¶ 17} We further find that the abduction conviction was not against the weight manifest weight of the evidence. Appellant's first and second assignments of error are not well-taken.

{¶ 18} In his third assignment of error, appellant contends that the trial court erred in imposing postrelease control, failing to notify him of the consequence of a felony conviction in relation to firearms possession/ownership, and in imposing financial sanctions.

{¶ 19} Regarding postrelease control, appellant contends that, at sentencing, appellant was first informed that he would be subject to five years of mandatory postrelease control for the aggravated burglary charge and three years for the abduction charge. Appellant contends that he was then informed that it would be three years. The sentencing judgment entry reflects the court's first pronouncement.

{¶ 20} At the December 9, 2014 sentencing hearing the court stated:

> The sentence as to count one [aggravated burglary] * * * [h]e'll be ordered to serve a period of five years mandatory post-release control. As to count two, abduction, * * * [h]e'll be sentenced to a mandatory three years post-release control on the abduction charge since the violence was there.
>
> You're notified that when you are released from the penitentiary, Mr. Henderson, you'll be required to serve a period of three years mandatory post-release control.

7.

**{¶ 21}** The court, appellant and his counsel then executed a form properly advising him of the imposition and terms of postrelease control. Based on the language the court used at sentencing, the executed sentencing notification, and the judgment entry, we conclude that the court simply misspoke with its reference to a three-year mandatory term and notice of postrelease control was proper. *See State v. Wright*, 6th Dist. Sandusky No. S-09-023, 2010-Ohio-2620, ¶ 29.

**{¶ 22}** Appellant next argues that he was not informed at sentencing of his inability to own or possess a firearm as a result of his felony conviction. The sentencing judgment entry does reflect the notification.

**{¶ 23}** Reviewing Ohio statutory and case law, we find no requirement that the court inform a convicted felon of his inability to possess firearms. R.C. 2943.033, relating to misdemeanor domestic violence convictions, requires that a court inform a defendant that under 18 U.S.C. 922(g)(9) it may be unlawful for the individual to possess a firearm. However, this section further provides that "[t]he plea may not be vacated based on a failure to inform * * *." Thus, we find that this argument lacks merit.

**{¶ 24}** Lastly, appellant contends that the court failed to advise him at sentencing of the financial sanctions imposed by the court as a result of the convictions. Appellant admits that the court found that he had or would have the ability to pay the costs and that the written notification form that appellant signed contained a description of the financial sanctions. Further, costs were imposed in the judgment entry.

8.

**{¶ 25}** Appellant's argument does not contend that he does not have the ability to pay the financial sanctions; rather, it appears that he is arguing that he was not informed of the specific amounts. We note than an itemized list of costs is generated by the clerk of courts. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 19. Even if the itemized bill had been prepared, it is generally not put into a judgment entry. *Id.*

**{¶ 26}** Based on the foregoing, we find that appellant's sentence was not contrary to law. Appellant's third assignment of error is not well-taken.

**{¶ 27}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.    _____
                JUDGE
Arlene Singer, J.     

Thomas J. Osowik, J.   _____
CONCUR.            JUDGE

            _____
                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.