[Cite as *State v. Harris*, 2025-Ohio-692.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                    |   | JUDGES:                       |
|--------------------|---|-------------------------------|
| STATE OF OHIO      | : | Hon. William B. Hoffman, P.J. |
|                    | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J.      |
|                    | : |                               |
| -vs-               | : |                               |
|                    | : | Case No. 2024-CA-0037         |
| LJ HARRIS          | : |                               |
|                    | : |                               |
| Defendant-Appellant| : | OPINION                       |

CHARACTER OF PROCEEDING: Appeal from the Richland County Court of Common Pleas, Case No. 2023-CR-0729R

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 28, 2025

APPEARANCES:

For Plaintiff-Appellee

JODIE M. SCHUMACHER
Prosecuting Attorney
BY: MICHELLE FINK
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

WESLEY C. BUCHANAN
50 South Main Street
Suite 625
Akron, OH 44308

*Popham, J.,*

**{¶1}** Defendant-appellant LJ Harris ["Harris"] appeals his convictions and sentences after entering negotiated guilty pleas in the Richland County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** In August 2023, Harris was arrested regarding a felony charge of OVI[1]. As part of that process, Harris' DNA was collected and entered in the CODIS system. Ultimately his DNA was found to match evidence from a rape kit collected almost nineteen years prior. The information was provided to the Mansfield Police Department. *Judgment Entry on Oral Motions Prior to Trial*, filed March 22, 2024. [Docket Entry No. 31]. As a result, on September 28, 2023, Harris was indicted by the Richland County Grand Jury as follows:

Count 1 Rape [08.29.2004] (Force/Threat of Force) [G.T.][2] a felony of the first degree in violation of R.C. 2907.02;

Count 2: Rape [08.29.2004] (Force/Threat of Force) [G.T.] a felony of the first degree in violation of R.C. 2907.02;

Count 3: Attempted Rape [08.29.2004] (Force/Threat of Force) [G.T.] a felony of the second degree in violation of R.C. 2923.02/ 2907.02;

Count 4: Felonious Assault [08.29.2004] (Deadly weapon) [G.T.] a felony of the second degree in violation of R.C. 2903.11(A)(2) / 2903.11(D).

---

[1] Richland County Court of Common Pleas, Case Number 2023-CR-0730. *See*, Plea T. Apr. 9, 2024 at 11-12.

[2] The Indictment filed September 28, 2023, identifies the victim as "G.T."; however, the victim is identified as "J.T." throughout the proceedings in the trial court, and this Court. *See*, Plea T. Apr. 9, 2024 at 10; Sent. May 8, 2024 at 29; Appellee's brief at 1.

{¶3}    On March 25, 2024, a jury trial commenced. On March 29, 2024, the jury was unable to reach a verdict, and a mistrial was declared by the trial judge. *Judgment Entry Declaring Mistrial Due to Hung Jury*, filed Apr. 2, 2024. [Docket Entry No. 40].

{¶4}    On April 9, 2024, a Criminal Rule 11(C) and (F) negotiated plea form signed by Harris, his attorney and the assistant prosecuting attorney was filed. [Docket Entry No. 45]. On that date, Harris entered a guilty plea to Count 1, amended to a Felonious Assault, a felony of the second degree under R.C. 2903.11 (A)(2), and to Count 4 a Felonious Assault, a felony of the second degree under R.C. 2903.11 (A)(2). Count 2 and Count 3 of the Indictment were dismissed upon motion of the state. Plea T., Apr. 9, 2024 at 6-7; 10-11. The trial judge ordered a Pre-sentence Investigation Report and sentencing was deferred.

{¶5}    On May 8, 2024, the trial judge reviewed the presentence report, and heard from Harris, his attorney, and the prosecutor.  A statement from the victim was also read to the court. The trial judge sentenced Harris to four to six years in prison for each count, concurrent to each other, but consecutive to the sentence in Case Number 2023-CR-0730.

*Assignments of Error*

{¶6}    Harris raises three Assignments of Error:

{¶7}    "I.  LJ'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE;

{¶8}    "II. LJ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HIS PLEA;

{¶9}    "III. LJ WAS SENTENCED CONTRARY TO LAW."

I.

{¶10} In his First Assignment of Error, Harris argues that his plea was not knowingly, intelligently, and voluntarily entered because, prior to accepting his guilty plea, the judge did not advise Harris that by entering a guilty plea it may become unlawful for him to own or possess a firearm under state and federal law.

**Standard of Review**

{¶11} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron*, 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

**Issue for appellate review**: *Whether Harris' plea was made knowingly, intelligently, and voluntarily.*

{¶12} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), *citing State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶13} The constitutional rights that a defendant must be apprised of before entering his or her plea are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19; *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph one of the syllabus,

*following Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *State v. Drain*, 2022-Ohio-3697, ¶ 32. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

{¶14} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26 (post-release control is a non-constitutional advisement). For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

{¶15} Simplified, the questions to be answered are: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of

demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? *State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶16} In this case, the trial judge complied with *Ballard* and Crim.R. 11(C)(2)(c) by informing Harris in open court that his guilty plea waived his constitutional rights to a jury trial, to a trial at which the state would be required to prove Harris' guilt beyond a reasonable doubt, to confront the state's witnesses, to compel the attendance of defense witnesses, and to remain silent. And Harris stated in open court that he understood each of the rights he was giving up.

{¶17} Nevertheless, Harris contends that his negotiated guilty plea was not voluntary, knowing, and intelligent, because the trial judge failed to advise him that it may be unlawful for him to own or possess a firearm because of his plea.

### Direct Consequences of the Plea

{¶18} Ohio's ban on possession of a firearm by a person convicted of a felony offense is not necessarily a lifetime ban, as R.C. 2923.14 allows a person to seek relief from weapons disability under certain circumstances. Thus, at the appropriate time, pursuant to R.C. 2923.14, Harris may be eligible to make an individualized showing of his qualification to bear arms. *See State v. Windland*, 2024-Ohio-1827 (5th Dist.); *State v. Skaggs,* 2024-Ohio-4781, ¶ 28 (5th Dist.).

{¶19} A duty to notify a defendant of the firearms disability is not expressed in Crim.R. 11(C)(2)(c). Rather, the requirements of the Rule only encompass a defendant's trial rights. Although the right to own and possess firearms is a fundamental right, the right is not one that bears any relationship to the trial rights of a criminal defendant. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable

to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. 742, 757 (1970).

**{¶20}** In the case at bar, the trial judge complied with the relevant portions of Crim.R. 11(C)(2)(c).

## Collateral Consequences of the Plea

**{¶21}** Criminal convictions can carry a wide variety of consequences other than conviction and sentencing, including civil commitment, civil forfeiture, the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses. *Padilla v. Kentucky,* 559 U.S. 356, 376-377 (2010) (Alito, J, concurring). A criminal conviction may also severely damage a defendant's reputation and thus impair the defendant's ability to obtain future employment or business opportunities. *Id.* We have never construed Criminal Rule 11 to include a requirement that the trial court advise a defendant of every potential collateral consequence of a guilty plea. *See, State v. Dixon,* 2009-Ohio-3137, ¶ 20 (5th Dist.). We have found no authority that requires this Court to presume the failure to advise Harris of a firearms disability was prejudicial to Harris. *See, State v. Henderson,* 2015-Ohio-4408, ¶ 23 (6th Dist.) ("Reviewing Ohio statutory and case law, we find no requirement that the court inform a convicted felon of his inability to possess firearms.").

**{¶22}** Because a potential firearm disability is not a constitutional right enumerated in Crim.R. 11(C), and rather, is a collateral consequence of the plea, the failure to advise concerning the firearm disability does not excuse a defendant from the burden of demonstrating prejudice.

### Harris Cannot Demonstrate Prejudice

**{¶23}** Harris cites to nothing in the record indicating that he would not have entered his plea had he been thoroughly informed of the firearm disability. Accordingly, Harris has failed to demonstrate prejudice from the failure to advise him of the firearm disability.

### Conclusion

**{¶24}** In the case at bar, we find that the trial judge complied with the relevant provisions of Crim.R. 11(C). We further find that the failure to advise Harris of any firearm disability is not a type of advisement that excuses a defendant from the burden of demonstrating prejudice. Therefore, because Harris failed in his burden to demonstrate prejudice from the failure of the trial judge to advise him, before he entered a guilty plea, of the firearm disability, we hold that Harris' decision to enter a guilty plea was voluntary, knowing, and intelligent.

**{¶25}** Harris' First Assignment of Error is overruled.

II.

**{¶26}** In his Second Assignment of Error, Harris maintains that his trial counsel rendered ineffective assistance because counsel did not file a motion to dismiss the Indictment for pre-indictment delay. Specifically, Harris argues the accusations in this matter are more than twenty years old.

**{¶27}** The state contends that because Harris entered a guilty plea, he has waived or forfeited the right to challenge speedy trial issues on appeal.

### Guilty Plea

**{¶28}** The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant a speedy trial by the State. *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978). Additionally, Ohio Const., art. I, § 10 provides that all criminal defendants have a right to a speedy trial. Neither the Ohio, nor the United States Constitution specifies any timeline required to ensure the protection of this right.

**{¶29}** "A guilty plea generally waives a defendant's right to challenge his or her conviction on *statutory* speedy trial grounds." (Emphasis added). *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph one of the syllabus; *Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986). However, a guilty plea does not waive a defendant's constitutional right to raise that his plea was not made knowingly, intelligently, voluntarily, and with the advice of counsel. *See, Tollett v. Henderson,* 411 U.S. 258, 265-267 (1973). A guilty plea also does not bar a defendant's right to challenge on appeal the state's ability to constitutionally charge him in the first place. *Class v. United States*, 583 U.S.174, 181-182 (2018)[3].

**{¶30}** Speedy trial claims do not challenge the government's power to initiate the proceedings against the defendant, as was the case in *Class,* but instead, they challenge case-related government conduct that took place before the plea was entered, which a valid guilty plea renders irrelevant. *United States v. Lozano,* 962 F.3d 773, 779 (4th Cir.

---

[3] In *Class*, the Court held that the defendant's guilty plea did not waive his right to challenge the constitutionality of the statute under which he was convicted. The Court noted that such a challenge calls into question the Government's power to constitutionally prosecute him. 583 U.S. at 181-182 (citations and quotation marks omitted).

2020); *United States v. Chavez-Diaz,* 949 F.3d 1202, 1206-1207 (9th Cir. 2020); *Johnson v. Eppinger,* 2018 WL 6174197 (N.D. Ohio Aug. 14, 2018) at *11-*12.

**{¶31}** Concerning Harris' ineffective assistance of counsel claim, in *Tollett* the United States Supreme Court noted,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *He may only attack the voluntary and intelligent character of the guilty plea.*

411 U.S. at 267. (Emphasis added). In the case at bar, Harris only alleges that his trial counsel was ineffective because he did not move to dismiss the charges for pre-indictment delay. [Appellant's brief at 10]. Harris does not argue that his plea was not made knowingly, intelligently, and voluntarily because his counsel engaged in deficient performance by failing to advise Harris concerning his speedy trial rights. *See, e.g. Padilla v. Kentucky,* 559 U.S. 356 (2010) (finding that an attorney's failure to inform a defendant of the effects of a guilty plea on the defendant's immigration status constituted incompetent counsel under the performance prong of the *Strickland* test).

Because Harris entered an unconditional guilty plea, and because he does not allege that his plea was not made knowingly, intelligently, and voluntarily with respect to his speedy trial rights, he has waived his constitutional speedy trial claim.

**{¶32}** Harris's Second Assignment of Error is overruled.

III.

{¶33} In his Third Assignment of Error, Harris argues that his sentence is contrary to law. Specifically, Harris contends that the judge failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. [Appellant's brief at 13].

**Standard of Review**

{¶34} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell,* 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 2014-Ohio-3177, ¶ 28.

{¶35} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

{¶36} R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* 2020-Ohio-6729, ¶ 39. Stated

another way, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles*, 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring). "'Otherwise, contrary to law' means 'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34 *quoting* Black's Law Dictionary (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

### Purposes and Principles of Felony Sentencing - R.C. 2929.11

**{¶37}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence "must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

## Seriousness and Recidivism - R.C. 2929.12

{¶38} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**Issue for Appellate Review**: *Whether Harris' sentence was imposed based on impermissible considerations, i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.*

{¶39} Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones,* 2020-Ohio-6729, ¶ 20, *citing State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶40} In the instant case, the record demonstrates the trial judge reviewed Harris'

PSI and listened to the statements from the prosecutor, Harris, Harris's attorney, and the victim's statement as read to the court. In open court and in its sentencing entry, the trial court indicated it considered the seriousness and recidivism factors under R.C. 2929.11, 2929.12 and R.C. 2929.13. Sent. T., May 8, 2024 at 31. The trial court sentenced Harris to a sentence that is permissible for the felonies that he had pled guilty, and he has not demonstrated that the trial court imposed the sentence "based on impermissible considerations - i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Cottrell*, 2023-Ohio-1391, ¶ 21 (5th Dist.), citing *Bryant, supra*.

{¶41} Upon review, we find that the trial judge's sentencing complies with applicable rules and sentencing statutes. While Harris may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and not based on impermissible considerations - i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12; therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 2023-Ohio-1358, ¶ 22 (5th Dist.).

{¶42} Harris' Third Assignment of Error is overruled.

{¶43} The judgment of the Richland County Court of Common Pleas is affirmed.

By Popham, J.,

Hoffman, P.J., and

Montgomery, J., concur