[Cite as *State v. Ludt*, 2025-Ohio-1165.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Robert G. Montgomery, P. J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2024CA00124 |
| SHELDON LUDT | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Alliance Municipal Court,
                              Case No. 2024CRB629

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 31, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ANGEL RUHL                                AARON KOVALCHIK
ALLIANCE CITY PROSECUTOR                  401 Tuscarawas Street, West
470 East Market Street                    Canton, OH 44702
Alliance, OH 44601

*Popham, J.,*

{¶1}   Appellant Sheldon Ludt appeals his conviction and sentence.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   Appellant was arrested on June 28, 2024, for threatening to kill his children and knowingly causing the mother of his children to believe he would cause serious physical harm to the children. On July 1, 2024, appellant was charged with the following counts: (1) domestic violence, in violation of R.C. 2919.25(C), and (2) aggravated menacing, in violation of R.C. 2903.21(A).  Upon a motion from the mother of the children, the trial court issued a temporary protection order listing the mother and the two children as "protected persons."

{¶3}   The parties reached a resolution.  Appellee agreed to dismiss the aggravated menacing count in exchange for appellant's plea of no contest to the domestic violence count.

{¶4}   The trial court held a plea hearing on July 12, 2024.  Appellant confirmed he had a full and fair opportunity to review the waiver of rights form, the enhancement of domestic violence explanation of rights form, and that he had no questions regarding the documents or his rights.  Appellant signed a form entitled "Enhancement of Domestic Violence to Felony: Explanation of Rights" on July 12, 2024.  The form notified appellant that, due to his plea in this case, a subsequent violation of R.C. 2919.25(A) or (B) would result in an enhancement of the charge to a felony.  The form additionally provided, in pertinent part:

If you are now engaged in a divorce, custody, or legal separation proceeding before the Domestic Relations Division of the Court of Common Pleas, or you think that maybe someday you will be, a conviction of the offense of Domestic Violence will seriously jeopardize your rights to custody, visitation, and access to certain records of your child(ren).

. . .

**I HAVE READ THE ABOVE EXPLANATION OF THE INCREASED PENALTIES FOR THE OFFENSE OF DOMESTIC VIOLENCE AND UNDERSTAND THE RESULT IF I PLEAD GUILTY OR NO CONTEST TO THE CHARGE OF DOMESTIC VIOLENCE.**

{¶5} The court asked, "are you satisfied with your services of your lawyer?" Appellant responded, "yes." Appellant pled no contest to the charge. The trial court accepted appellant's plea of no contest and made a finding of guilt.

{¶6} Trial counsel for appellant stated appellant greatly cares for his children and asked the court to take that into consideration in imposing the sentence. Appellant stated he was going to Coleman Counseling and planned to "get back on [his] daytime and nighttime medications."

{¶7} When the trial court was sentencing appellant, the court inquired of counsel for appellee whether the victim wanted the order of protection to continue. Counsel for appellee stated, "there is a divorce proceeding that has been filed and I have agreed with [trial counsel for appellant] that as far as contact with the children, that should be the subject of the Family Court as more appropriate." The trial court confirmed that the protection order would remain in place, unless and until modified by the Family Court.

However, the court specifically stated, "if the Family Court decides that the best interest of the child[ren] would include some supervised contact then this Court order would give way to the Family Court order."

{¶8} The trial court sentenced appellant to 90 days in jail, with 75 days suspended, and credit for 15 days served. The trial court also ordered appellant to complete 90 days of counseling with Coleman Counseling, kept the order of protection in place unless and until modified by the Family Court, and ordered appellant to pay a $250 fine, with a $150 credit upon completion of the 90 days of counseling. The court issued a sentencing judgment entry on July 12, 2024, along with a separate entry issued that day dismissing the aggravated menacing count.

{¶9} Appellant appeals the July 12, 2024, judgment entry of the Alliance Municipal Court, and assigns the following as error:

{¶10} "I. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL."

I.

{¶11} In this case, appellant's claimed error is ineffective assistance of his trial counsel. To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., there is a reasonable probability that but for counsel's

errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶12} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Id.* "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 2014-Ohio-5544 (8th Dist.).

{¶13} Appellant argues his trial counsel was ineffective because trial counsel did not understand the collateral consequences appellant would face in his divorce/custody case due to his plea. Specifically, appellant contends his trial counsel did not inform appellant that he had not been properly served with the divorce complaint and trial counsel did not properly advise appellant a plea to a count of domestic violence could be used to his detriment in the divorce/custody proceeding.

{¶14} Criminal convictions can carry a wide variety of consequences other than conviction and sentencing, including civil commitment, civil forfeiture, the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses. *Padilla v. Kentucky*, 559 U.S. 356, 376-77 (2010). A criminal conviction may also severely damage a defendant's reputation and thus impair the defendant's ability to obtain future employment or business opportunities. *Id.* However, there is no constitutional obligation to inform a defendant of all possible collateral consequences of a plea, and in order for a

plea to be knowing, voluntary, and intelligent, "a defendant must only be made aware of the direct consequences of the plea." *State v. Harris*, 2007-Ohio-6362, ¶ 20 (6th Dist.); *State v. Harris*, 2025-Ohio-692 (5th Dist.); *State v. Dumas*, 2008-Ohio-4896 (10th Dist.).

{¶15} Because the trial court was not required to inform appellant of all possible collateral consequences of his plea for his plea to be knowing, intelligent, and voluntary, counsel's performance did not fall below an objective standard of reasonable representation when he allegedly failed to inform appellant that his plea could be used against him in his divorce/custody proceeding and/or that appellant was not properly served with the complaint in his divorce case. Before accepting appellant's plea, the trial court strictly adhered to Criminal Rule 11(C), making sure appellant understood the nature of the charges against him, informing appellant of the direct consequences of his plea, and finding the plea was knowingly, intelligently, and voluntarily made. Appellant specifically stated he was satisfied with the services of his lawyer and had an opportunity to address the court. The record does not support any claim of confusion or misunderstanding.

{¶16} Additionally, appellant does not demonstrate prejudice. "The test for prejudice is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St. 3d 106, 108 (1990). Here, appellant argues that prejudice resulted from his plea because his conviction was used against him in a subsequent proceeding in which he was denied visitation with his children. Upon our review of the record, we find appellant clearly understood he was entering a no contest plea to the domestic violence count. As to his divorce/custody proceeding, neither the trial court nor trial counsel had the

obligation to address the potential consequence of his criminal conviction on whether he could obtain visitation with his children.

{¶17} Moreover, even though counsel may not have informed appellant the plea could be used against him in the divorce/custody proceeding, the enhancement form appellant signed on July 12, 2024, specifically states, "a conviction of the offense of Domestic Violence will seriously jeopardize your rights to custody, visitation, and access to certain records of your children." Thus, appellant was clearly notified the plea and conviction could impact his ability to gain visitation with or custody of his children. Additionally, counsel, the trial court, and appellant, explicitly discussed the issue of visitation at the plea and sentencing hearing. The trial court made it clear to appellant that any visitation orders had to come from the Family Court. Trial counsel for appellant asked the court if it would modify its protection order in the criminal case if the Family Court permitted appellant visitation. The trial judge confirmed he would modify his protection order upon notification from the Family Court.

{¶18} Additionally, appellant cannot demonstrate prejudice because the judgment entry he references from the Family Court is a judgment entry as to temporary orders in the case, not the final disposition of child custody or visitation matters. Finally, appellant does not argue, nor does the record support, that he would have rejected the plea and proceeded to trial had he been informed either that his divorce complaint was not properly served upon him or that his domestic violence conviction could impact child custody or visitation matters.

{¶19} Based on the foregoing, appellant's assignment of error is overruled. The July 12, 2024, judgment entry of the Alliance Municipal Court is affirmed.

By Popham, J.,

Montogomery, P.J., and

Gormley, J., concur