[Cite as *State v. Lang*, 2025-Ohio-3065.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. Robert G. Montgomery J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT 2025-0006 |
| MICHELE LANG | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
                            of Common Pleas, Case No. CR2024-0321

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     August 27, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH A. PALMER                      APRIL F. CAMPBELL
Assistant Prosecutor                  6059 Frantz Road, Suite 206
27 North 5th Street #201              Dublin, OH  43017
Zanesville, OH 43701

*Popham, J.,*

{¶1}    This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by April Campbell, counsel for Defendant-appellant Michele Lang [Lang] after Lang's conviction and sentence following a negotiated guilty plea in the Muskingum County Court of Common Pleas.  The State has not filed a brief.  For the reasons below we affirm the trial court judgment and grant Lang's Motion to Withdraw.

*Facts and Procedural History*

{¶2}    In May 2024, a Muskingum County Grand Jury indicted Lang with six felony offenses: first-degree felony Engaging in a Pattern of Corrupt Activity and five counts of third-degree felony Money Laundering.  The indictment stems from multiple instances of Lang, a former social worker, working with incarcerated persons to smuggle drugs into prisons and transfer money between involved parties outside of institutions. Docket Entry No. 1; Plea T. Oct. 24, 2024 at 12-13; Sent. T. Dec. 23, 2024 at 5-6.

{¶3}    On October 24, 2024, a Criminal Rule 11(C) and (F) plea form signed by Lang, her attorney, and the assistant prosecuting attorney was filed setting forth the terms for Lang to enter a negotiated guilty plea.  The State agreed to amend count one of the indictment, Engaging in a Pattern of Corrupt Activity, from a first-degree felony to a second-degree felony and to dismiss counts ten through fourteen in exchange for Lang's guilty plea[1].

{¶4}    The trial judge conducted a change of plea hearing on October 25, 2024. After accepting Lang's plea of guilty, the trial judge deferred sentencing and ordered a Presentence Investigation Report.  Plea T., Oct. 24, 2024 at 14.

---

[1] The indictment listed multiple Co-Defendants.  Lang was listed in Counts 1, 10-14.

{¶5} On December 23, 2024, the trial judge conducted a sentencing hearing. After reviewing the Presentence Investigation Report, hearing from the prosecutor, defense counsel, and Lang, and, in response to Lang's guilty plea, imposed a minimum four-year to an indefinite maximum six-year prison term.

{¶6} Lang's appellate counsel has now filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## Standard of Review - *Anders v. California*

{¶7} In *Anders v. California*, 386 U.S. 738, 744 (1967), the United States Supreme Court held that if, after a conscientious examination of the record, appellate counsel concludes the appeal is wholly frivolous, counsel must advise the court and request permission to withdraw. Counsel must also submit a brief identifying anything in the record that could arguably support the appeal. *Id*. Further, counsel must (1) provide the defendant with a copy of the brief and motion to withdraw, and (2) allow the defendant sufficient time to raise any issues. *Id.*

{¶8} Once these requirements are met, the appellate court must conduct a full examination of the proceedings to determine whether any arguably meritorious issues exist. If the court agrees the appeal is wholly frivolous, it may grant counsel's motion to withdraw and dismiss the appeal without violating constitutional requirements. Alternatively, it may decide the case on the merits, if required by state law. *Id.*

{¶9} By Judgment Entry filed April 24, 2025, this Court acknowledged receipt of counsel's *Anders* notice and brief and confirmed that Lang was provided a copy of both the brief and the motion to withdraw. The same Judgment Entry informed Lang that an

*Anders* brief had been filed on her behalf and granted her until June 23, 2025, to file a pro se brief, which Lang has not filed.

{¶10} The record establishes that appellate counsel has satisfied the requirements of *Anders*. Accordingly, we now proceed to independently review the proposed assignment of error to determine whether any arguably meritorious issues exist. As articulated in *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.) and reaffirmed in *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.), and *State v. Grant*, 2023-Ohio-4614, ¶ 11 (5th Dist.), a frivolous appeal is one that lacks any issues of arguable merit. An issue lacks arguable merit when, based on the facts and applicable law, no responsible argument can be made that would support a reversal.  *Id.*

**Proposed Assignment of Error**

{¶11}  "THE TRIAL COURT ERRED IN ACCEPTING LANG'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HER."

*The Guilty Plea*

{¶12}  The constitutional rights that must be strictly explained to a defendant before accepting a guilty plea include: (1) the right to a jury trial or bench trial, (2) the right to confront witnesses, (3) the right to compulsory process, (4) the requirement that the state prove guilt beyond a reasonable doubt, and (5) the right against self-incrimination. *State v. Veney*, 2008-Ohio-5200, ¶ 19.  A failure to strictly comply with these advisements renders the plea invalid. *Id.* at ¶ 31.

{¶13}  The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges, (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control, (3) if applicable, that the defendant is

not eligible for probation or the imposition of community control sanctions, and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)-(b); *Veney* at ¶¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶¶ 19-26, (post-release control is a non-constitutional advisement).

{¶14} For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a) and (b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

{¶15} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.) *State v. Groves,* 2019-Ohio-5025, ¶ 7 (5th Dist.).

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist with respect to whether Lang's guilty plea was made knowingly, intelligently, and voluntarily.*

{¶16} A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶ 25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶

29 (5th Dist.). In the case at bar, we note a written plea of guilty form was signed by Lang and her attorney and filed in the trial court. Docket Entry Number 18.

{¶17} During the plea hearing, Lang confirmed that she understood the nature of the charges, that no sentencing recommendation had been made, and that sentencing would follow a presentence investigation. Plea T. Oct. 24, 2024 at 9-10. Lang also confirmed she understood her constitutional rights, including the right to a jury trial, confrontation, subpoena power, the burden of proof, and the right not to testify, and acknowledged she was satisfied with her counsel. *Id.* at 9-11.

{¶18} The trial court strictly complied with the constitutional requirements of Crim.R. 11 and substantially complied with the non-constitutional provisions. The colloquy was thorough and complete. The record supports a finding that Lang's guilty plea was knowingly, intelligently, and voluntarily entered, and was properly accepted by the court.

{¶19} Thus, after independently reviewing the record, we find no arguably meritorious issues exist with respect to whether Lang's guilty plea was made knowingly, intelligently, and voluntarily.

*Sentencing*

{¶20} A court reviewing a criminal sentence is required by R.C. 2953.08 (F) to review the entire trial-court record, including any oral or written statements and Presentence Investigation Reports. R.C. 2953.08 (F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08 (G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not

support the sentencing court's findings under R.C. 2929.13 (B) or (D), 2929.14 (B)(2)(e) or (C)(4), or 2929.20 (I), or the sentence is otherwise contrary to law. *See also State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

{¶21} Contrary to law, as defined in legal dictionaries, e.g., Black's Law Dictionary 328 (6th Ed.1990), means "in violation of statute or legal regulations at a given time[.]" S*tate v. Jones*, 2020-Ohio-6729, ¶ 34.

{¶22} "Clear and convincing evidence" is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), *superseded by statute on other grounds as stated by In re Adoption of T.R.S., 2014-Ohio-3808, ¶¶ 16-17 (7th Dist.), and In re Adoption of A.L.S., 2018-Ohio-507, ¶ 23 (12th Dist.).* "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the jury had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

{¶23} Appellate courts may not vacate or modify a sentence solely based on disagreement with the trial court's weighing of R.C. 2929.11 and 2929.12 factors. *Jones*, ¶ 39; *State v. Toles*, 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring). However, where a trial court relies on considerations extraneous to those statutory factors, the sentence is contrary to law and subject to appellate review. *State v. Bryant*, 2022-Ohio-1878, ¶ 22; *State v. Ray*, 2025-Ohio-2023, ¶¶ 67–71 (5th Dist.).

**Issue for Appellate Review:** *Whether Lang's sentence was imposed based on impermissible considerations – those not contained in R.C. 2929.11 and 2929.12*

{¶24} Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). *See also State v. Harris*, 2025-Ohio-692, ¶ 39 (5th Dist.)

{¶25} Upon review, we find that the trial judge's sentencing complies with applicable rules and sentencing statutes. Lang's sentence was within the applicable statutory range and not based on impermissible considerations; therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 2023-Ohio-1358, ¶ 22 (5th Dist.) *State v. Parks*, 2025-Ohio-960, ¶¶ 29-30 (5th Dist.)

**Conclusion**

{¶26} Following an independent and thorough review of the entire record, we agree with appellate counsel that no arguably meritorious grounds for appeal exist. Accordingly, we find the appeal to be wholly frivolous under *Anders.*

{¶27} Counsel's motion to withdraw is granted.

{¶28} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: Popham, J.,

Hoffman, P.J., and

Montgomery, J., concur